## KITCHEN v. COMMERCIAL CREDIT CO., Inc.

### No. 5361.

Court of Civil Appeals of Texas. Amarillo.

Nov. 17, 1941.

Rehearing Denied Feb. 9, 1942.

T. L. Price and V. J. Campbell, both of Post, and Tom Garrard and W. C. Huffaker, Jr., both of Tahoka, for plaintiff in error.

Bean, Evans & Bean, of Lubbock, for defendant in error.

FOLLEY, Justice.

This case has reached this court by writ of error in a cause wherein the defendant in error, Commercial Credit Company, Inc., recovered judgment against the plaintiff in error, L. W. Kitchen, for $8,326.14 and for foreclosure of mortgage liens upon nine Nash automobiles, the plaintiff in error having made no appearance, filed no answer nor having been represented by an attorney.

In its first amended petition upon which the judgment was ostensibly based the defendant in error alleged in substance that L. W. Kitchen was doing business at Seagraves, Texas, under the name of Seagraves Nash Company; that on or about April 22, 1940 Kitchen purchased two new Nash automobiles from the Fill McCarty Motor Company of Lubbock; that in payment therefor he executed and delivered to the Commercial Credit Company, Inc., his

note for $1,645 providing for 6% interest and 10% attorneys' fees and further executed a chattel mortgage upon the two automobiles purchased; that only $35.45 had been paid upon this indebtedness, the balance being past due and unpaid; that in addition to the above transaction Kitchen was further indebted to the defendant in error in connection with a written contract between the parties wherein it was agreed that the defendant in error would purchase certain negotiable promissory notes secured by chattel mortgage liens upon automobiles sold by Kitchen to retail purchasers, paying Kitchen in cash the agreed sums for each note so purchased; that it was agreed such notes were to be purchased after having been endorsed "without recourse" in consideration of Kitchen's agreement to repurchase for cash any of such automobiles repossessed by the defendant in error after default in payment by the purchasers and to pay therefor the existing balance due thereon; that pursuant to such contract seven such automobiles were repossessed by the defendant in error after default had been made by the purchasers; that in each instance the defendant in error tendered the repossessed automobiles to Kitchen which the latter refused to accept; that defendant in error still has all of such automobiles and holds them ready to deliver to Kitchen upon his payment of the amounts due thereon in the total sum of $6,500; that the defendant in error has a lien upon the seven automobiles; that all of the nine above described automobiles were of insufficient value to pay off the mortgage indebtedness against them; that they were all 1940 models and because of the annual change in models in the fall of each year and the accompanying decrease in value they were perishable property; that a receiver should be appointed to take charge of the automobiles and sell them immediately; and that defendant in error had possession of all such automobiles and desired them sold immediately without prejudice to its debt against Kitchen. The prayer was for the appointment of a receiver, for judgment for the debt and for foreclosure of the liens.

As above indicated judgment was rendered for a total of $8,326.14 and for foreclosure of the liens upon the nine automobiles. The court decreed that the automobiles were perishable property but appointed no receiver. However, the record shows that upon the same day the judgment was rendered an order of sale was issued and two weeks later the automobiles were sold by the sheriff under such process.

There is no statement of facts in the record and we must therefore resolve all issues of fact in support of the judgment.

The plaintiff in error assails the judgment as being fundamentally erroneous because, he asserts, the pleadings of the defendant in error reveal the absence of necessary parties. It is his contention that the retail purchasers of the seven automobiles which were repossessed by the defendant in error were interested in the subject matter of this suit and were therefore indispensable parties to a valid judgment.

It is our opinion this assignment is without merit. This suit was not to foreclose for the original purchase price or for any indebtedness due thereon by reason of the original sale. In so far as the repossessed automobiles are concerned this was an independent action upon a written contract between the defendant in error and Kitchen whereby the latter agreed to pay the unpaid balance due upon the respective automobiles. The amount unpaid at the time they were repossessed was material only for the purpose of showing the amount due by Kitchen upon his contract. So far as the pleadings are concerned the original purchasers were shown not to have had any interest in the seven automobiles and, in the absence of a statement of facts, we must presume the testimony supported this theory. The record before us negatives the existence of any right or title in the property by the original purchasers. Under such circumstances we think the purchasers were not necessary parties to this suit.

The plaintiff in error further complains of the issuance of the order of sale before the expiration of the time prescribed by law therefor and asserts that such process and the execution thereof was unauthorized by law and void. We are of the opinion this matter, if erroneous, is not properly before us for our determination. If the procedure complained about was irregular and premature, the alleged error, which occurred after the rendition of the judgment, cannot be corrected by this court upon the record before us. The remedy of plaintiff in error was by direct attack in some manner in the court below or by suit for injunction or damages in some court of competent ju-

risdiction. It may not in this form be presented here for the first time.

 The plaintiff in error in his last proposition asserts there is fundamental error because the judgment does not conform to the pleadings in that a receiver was asked for by the defendant in error but none appointed by the court. If the failure of the court to grant all the relief prayed for by a petitioner constitutes fundamental error, under our present system of procedure few cases, if any, would be free of this vice. Suffice it to say that we have examined the record carefully and are convinced the judgment was warranted by the pleadings and conclude that no fundamental error is presented.

The judgment is affirmed.